# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RIGOBERTO ARZATE-MIRANDA | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv294 |
| FEDERAL BUREAU OF PRISONS | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Rigoberto Arzate-Miranda, an inmate confined in the United States Penitentiary located in Inez, Kentucky, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

Petitioner alleges he received an incident report, #1959627, on December 25, 2009, while he was confined at the Federal Correctional Complex located in Beaumont, Texas. At the time he filed this petition, however, petitioner was located at the United States Penitentiary in Inez, Kentucky.

## Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner is currently confined at the United States Penitentiary in Inez, Kentucky where he was located when he submitted the petition. The city of Inez is located within the jurisdictional boundaries of the United States District Court for the Eastern District of Kentucky. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider

petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this  30   day of _____June_____, 2011.

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE